IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CRUCIBLE, LLC, § § *Plaintiff*, § § V. § § ACADIA INSURANCE § COMPANY § -and- § FM BOILER RE § § *Defendants*. § | § § § § § § CIVIL ACTION NO. § § § § § § § |

## DEFENDANTS ACADIA INSURANCE COMPANY AND FM BOILER RE'S NOTICE OF REMOVAL

COMES NOW, Defendants Acadia Insurance Company ("Acadia") and FM Boiler Re ("FM"), collectively, the "Defendants," to file this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes the civil action entitled *The Crucible, LLC v. Acadia Insurance Company, a subsidiary of Berkley Southwest and FM Boiler Re, a subsidiary of Factory Mutual Insurance Company,* Cause No. CJ-2025-1575 currently pending in the District Court of Cleveland County, Oklahoma to the United States District Court for the Western District of Oklahoma. In support of this notice, Defendant respectfully states as follows:

### I.     SUMMARY OF NOTICE

1.     This lawsuit arises out of Plaintiff The Crucible, LLC's ("Plaintiff") claim for coverage under an insurance policy issued by Defendants for damage purportedly sustained to business equipment. Plaintiff is a limited liability company domiciled, and with its principal place of business, in Oklahoma. Acadia is an Iowa corporation with its principal place of business in Maine. FM is a citizen of Rhode Island.

2. Because the amount in controversy in this case exceeds $75,000, and complete diversity of citizenship exists between Plaintiff and Defendants, removal of this action is proper under 28 U.S.C. § 1332(a).

## II.    STATE COURT ACTION

3. Plaintiff commenced this action on October 3, 2025, by filing Plaintiff's Petition (the "Original Petition") in the District Court of Cleveland County, State of Oklahoma, Cause No. CJ-2025-1575.

4. Defendants were served with a copy of the Original Petition on October 27, 2025. Defendants therefore file this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b)(2)(B). The Original Petition names both Acadia and FM as defendants in the lawsuit.

5. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

## III.    BASIS FOR REMOVAL

6. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, excluding interest and costs. These two conditions are satisfied in this matter.

### A.    Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

7. Plaintiff is a limited liability company conducting business in the state of Oklahoma.[1] For diversity purposes a limited liability company "takes citizenship of all its members"[2] upon information and belief Plaintiff has its principal place of business in Norman, Oklahoma and Plaintiff has one member, Mark K Palmerton.[3] Upon information and belief, Mark

---

[1] See Ex 2, Plaintiff's Petition at 1.

[2] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

[3] See Ex 3, Oklahoma Secretary of State – Certificate of Good Standing.

K Palmerton is a citizen of Oklahoma.[4] Accordingly, for diversity jurisdiction purposes, Plaintiff is a citizen of Oklahoma.[5]

8. Defendant Acadia is domiciled in Iowa with its principal place of business in Westbrook, Maine.[6] Defendant Acadia is thus a citizen of Iowa and Maine for purposes of diversity jurisdiction.

9. Defendant FM is a subsidiary of Factory Mutual Insurance Company. FM is domiciled in the state of Rhode Island, with its principal place of business located in Rhode Island.[7] Defendant FM is thus a citizen of Rhode Island for purposes of diversity jurisdiction.

10. Because Plaintiff is a citizen of Oklahoma, and Defendant Acadia is a citizen of Iowa and Maine, and Defendant FM is citizen of Rhode Island, complete diversity of citizenship exists in this lawsuit.

**B.    Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

11. Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed. A "defendant may rely on an estimate of the potential damages from the allegations in the complaint."[8]

---

[4] *See* Ex 4, Cleveland County Oklahoma Assessor's Office.

[5] Defendants have exhausted their avenues to discover the identity of the members and their citizenship of Plaintiff having obtained all relevant documentation from the Oklahoma Secretary of State. If a party seeking removal exhausts all options to determine the citizenship of an LLC, it may plead the citizenship of the LLC based on information and belief. Defendants respectfully request that this Court permit jurisdictional discovery, should the Court think it necessary, to identify the domicile of all members of Plaintiff, which is appropriate when a removing defendant lacks necessary jurisdictional facts. *Great White Pressure Control, LLC v. Seaboard Intern., Inc.*, No. CIV-09-881-D, 2009 WL 3763815 at *3 (W.D. Okla. Nov. 9, 2009).

[6] *See* Ex 5, Certificate of Existence.

[7] *See* Ex 6, Articles of Incorporation.

[8] *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

12. Here, Plaintiff's Original Petition alleges "damages in excess of $75,000.00."[9] Defendants deny the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief in this action, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Thus, based on Plaintiff's Original Petition, the amount in controversy plainly exceeds $75,000. Accordingly, this Court has diversity jurisdiction over this matter, and it is removable under 28 U.S.C. § 1441(b).

14. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

### IV. COMPLIANCE WITH 28 U.S.C. §1446

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be given to all adverse parties promptly after the filing, and Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

16. As required by 28 U.S.C. § 1446(a) and Local Rule LCvR81.2, the state court docket sheet, all pleadings, process, orders, and other filings in the state court action are attached to this notice as **Exhibits 1-4**.

### V. JURY DEMAND

17. Plaintiff did not request a jury trial in its Original Petition.

---

[9] *See* Ex 2, Plaintiff's Petition at 20, 24, 25, 31, 35 and 36.

## VI. <u>CONCLUSION</u>

WHEREFORE, Defendants Acadia Insurance Company and FM Boiler Re, request that this action be removed from the District Court of Cleveland County, Oklahoma, to the United States District Court for the Western District of Oklahoma, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

_____
Lindsey P. Bruning, OBA No. 33335
Texas Bar No. 24064967
lbruning@zellelaw.com

Todd T. Tippett (Pro Hac Vice incoming)
Texas Bar No. 24046977
Ttippett@zellelaw.com

Thomas Papa (Pro Hac Vice incoming)
Texas Bar No. 24148617
tpapa@zelleaw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing has been served this 20th day of November 2025, in accordance with the Oklahoma Rules of Civil Procedure as follows:

Damon E. Sacra, OBA #21345
dsacra@sacralaw.com
**SACRA LAW, PLLC**
9246 S. Sheridan Rd., Suite P
Tulsa, OK 74133
Telephone:    918-732-9221
Facsimile:    918-856-3761

**ATTORNEYS FOR PLAINTIFF**

                                                    */s/ Lindsey P. Bruning*
                                                    Lindsey P. Bruning