# EXHIBIT 2

IN THE DISTRICT COURT IN AND FOR CLEVELAND COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| THE CRUCIBLE, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CJ-2025-1575 |
| ACADIA INSURANCE COMPANY, a Subsidiary of BERKLEY SOUTHWEST, and FM BOILER RE, a Subsidiary of FACTORY MUTUAL INSURANCE COMPANY, | ) Judge: Tupper |
| Defendants. | ) |

STATE OF OKLAHOMA } S.S
CLEVELAND COUNTY

FILED
OCT 0 3 2025

In the office of the
Court Clerk MARILYN WILLIAMS

## PETITION

COMES NOW, the Plaintiff, The Crucible, LLC, by and through their attorney of record, Damon E. Sacra of Sacra Law, PLLC, and for their Petition against the Defendant, Acadia Insurance Company and Defendant, FM Boiler RE, states and avers as follows.

### Parties and Jurisdiction

1. Plaintiff, The Crucible, LLC ("Crucible") is an Oklahoma Limited Liability Company with its principal place of business in the City of Norman, Cleveland County, State of Oklahoma.

2. Defendant, Acadia Insurance Company ("Acadia") is an insurance company located in Maine and licensed to write policies of insurance in Oklahoma. Upon information and belief, Acadia is a subsidiary of Berkley Southwest ("Berkley"), which is located in Texas and licensed to write policies of insurance in Oklahoma.

3. Defendant, FM Boiler RE ("FM Boiler"), is an insurance company located in Maine and is licensed to write policies of insurance in Oklahoma. Upon information and belief, FM Boiler is a subsidiary of FM, which is located in Arkansas and licensed to write policies of insurance in Oklahoma.

4. The policies of insurance at issue in this litigation were entered into in the City of Norman, Cleveland County, State of Oklahoma.

5. The insured property at issue in this litigation is located in the City of Norman, Cleveland County, State of Oklahoma.

6. This Honorable Court has jurisdiction over the parties and subject matter and venue in Cleveland County is proper.

## Factual Summary

7. All previous paragraphs are incorporated by reference.

8. Crucible is a bronze foundry located in the City of Norman, Cleveland County, State of Oklahoma, which specializes in the casting, pouring, and finishing of bronze artwork from across the nation.

9. Crucible utilizes a large induction furnace to melt bronze, which requires its own separate power generator.

10. At all times relevant to this litigation, the power generator was insured by policies of insurance issued by Acadia and FM Boiler and the premiums on those policies were either current or paid in full.

11. In January 2025, there was a malfunction of the motor generator causing damage to the starter contacts. In May 2025, after making recommended repairs, there was an arcing event that blew the generator and a good portion of the neighborhood grid to which it was

connected.

12. Crucible made timely claims to both Acadia and FM Boiler and requested coverage under the active policies of insurance.

13. Subsequent investigations revealed that the generator was not capable of repair and needed to be replaced.

14. Despite this evidence, neither Acadia nor FM Boiler has facilitated replacement of the generator and Crucible continues to operate at a highly diminished capacity and has incurred, and will continue to incur damages.

### First Cause of Action – Breach of Contract (Acadia)

15. All previous paragraphs are incorporated by reference.

16. Crucible and Acadia entered into a contract wherein Crucible would pay for and Acadia would provide a policy of liability insurance, which covered equipment such as the generator at issue in this litigation.

17. Crucible was current on their premium payments and/or had paid the premium in full and the policy of insurance provided by Acadia was in full force and effect at the time of the subject loss.

18. Crucible made a timely claim for replacement of the generator, which Acadia has not covered.

19. Acadia is therefore in breach of the contract.

20. As a direct and proximate result of Acadia's breach of contract, Crucible has suffered damages in excess of $75,000.00.

### Second Cause of Action – Bad Faith (Acadia)

21. All previous paragraphs are incorporated by reference.

22. As an insurer, Acadia had a duty to deal fairly and act in good faith with Crucible and to pay proper amounts for all valid claims made against the policy.

23. Acadia breached this duty and acted in bad faith by refusing to pay valid claims, by failing to conduct proper investigations, by placing onerous requirements on Crucible not contained in or contemplated by the policy, by placing dangerous requirements on Crucible that could lead to additional property damages and/or personal injuries, and/or by proffering no reasonable basis for their refusal to pay the valid claims.

24. As a direct and proximate result of Acadia's bad faith, Crucible has suffered damages in excess of $75,000.00.

25. Acadia's acts and/or omissions showed malice and/or a reckless disregard for the rights of Crucible, entitling them to an award of punitive damages in excess of $75,000.00.

### Third Cause of Action – Breach of Contract (FM Boiler)

26. All previous paragraphs are incorporated by reference.

27. Crucible and FM Boiler entered into a contract wherein Crucible would pay for and FM Boiler would provide a policy of liability insurance, which covered equipment such as the generator at issue in this litigation.

28. Crucible was current on their premium payments and/or had paid the premium in full and the policy of insurance provided by FM Boiler was in full force and effect at the time of the subject loss.

29. Crucible made a timely claim for replacement of the generator, which FM Boiler has not covered.

30. FM Boiler is therefore in breach of the contract.

31. As a direct and proximate result of FM Boiler's breach of contract, Crucible has suffered

damages in excess of $75,000.00.

### Fourth Cause of Action – Bad Faith (FM Boiler)

32. All previous paragraphs are incorporated by reference.

33. As an insurer, FM Boiler had a duty to deal fairly and act in good faith with Crucible and to pay proper amounts for all valid claims made against the policy.

34. FM Boiler breached this duty and acted in bad faith by refusing to pay valid claims, by failing to conduct proper investigations, by placing onerous requirements on Crucible not contained in or contemplated by the policy, by placing dangerous requirements on Crucible that could lead to additional property damages and/or personal injuries, and/or by proffering no reasonable basis for their refusal to pay the valid claims.

35. As a direct and proximate result of FM Boiler's bad faith, Crucible has suffered damages in excess of $75,000.00.

36. FM Boiler's acts and/or omissions showed malice and/or a reckless disregard for the rights of Crucible, entitling them to an award of punitive damages in excess of $75,000.00.

### Prayer for Relief

**WHEREFORE**, premises considered, Plaintiff Crucible respectfully prays for judgment in their favor and against Defendant Acadia and Defendant FM Boiler, for an award of damages against each in excess of $75,000.00 and for an award of punitive damages against each in the excess of $75,000.00. Plaintiff prays for all further relief this Honorable Court deems just and equitable including, but not limited to, the attorney's fees and costs incurred in prosecuting this matter.

Respectfully Submitted,

**SACRA LAW, PLLC**

_____
Damon E. Sacra, OBA #21345
9246 S. Sheridan Rd., Suite P
Tulsa, OK 74133
P: (918) 732-9221
F: (918) 856-3761
dsacra@sacralaw.com
*Attorney for Plaintiff*

**ATTORNEY LIEN CLAIMED**