# EXHIBIT 4

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| THE CRUCIBLE, LLC, | § § | |
| Plaintiff, | § § | Case No. CJ-2025-1575 |
| v. | § | |
| | § | |
| ACADIA INSURANCE | § | |
| COMPANY, | § | STATE OF OKLAHOMA } S.S. |
| a Subsidiary of BERKLEY | § | CLEVELAND COUNTY } |
| SOUTHWEST | § | **FILED** |
| and | § | |
| FM BOILER RE, | § | NOV 20 2025 |
| a Subsidiary of FACTORY | § | In the office of the |
| MUTUAL INSURANCE | § | Court Clerk MARILYN WILLIAMS |
| COMPANY | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS ACADIA INSURANCE COMPANY AND FM BOILER RE'S ANSWER AND DEFENSES TO PLAINTIFF'S PETITION

Defendants Acadia Insurance Company ("Acadia") and FM Boiler Re ("FM"), collectively, the "Defendants," file their Answer to Plaintiff, The Crucible, LLC's ("Plaintiff") Petition ("Plaintiff's Petition") as follows:

## ANSWER

### Parties and Jurisdiction[1]

1.       Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 1 of Plaintiff's Petition.

2.       Defendants admit that Acadia's principal office is located in Maine. The remaining factual allegations of Paragraph 2 are denied.

---

[1]       For ease of reference Defendants incorporated the same headings used in Plaintiff's Petition. However, Defendants do not admit any allegations or inferences associated with such headings. To the extent an admission or denial of the headings is required, Defendants hereby deny any allegations or inferences in the headings used by Plaintiff.

3.      Defendants admit that FM's principle office is located in Rhode Island.    The remaining factual allegations of Paragraph 3 are denied.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Petition and therefore deny the allegations contained in Paragraph 4 of Plaintiff's Petition.

5.      Defendants admit the factual allegations in Paragraph 5 of Plaintiff's Petition.

6.      The jurisdictional allegations in Paragraph 6 of Plaintiff's Petition are legal conclusions and require no response from Defendants.

<u>**Factual Summary**</u>

7.      Paragraph 7 of Plaintiff's Petition requires no response, to the extent a response is required Defendants deny the allegations contained within Paragraph 7 of Plaintiff's Petition.

8.      Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 8 of Plaintiff's Petition and on that basis deny them.

9.      Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 9 of Plaintiff's Petition and on that basis deny them.

10.      Paragraph 10 of Plaintiff's Petition references terms of a written document, the insurance policy, the contents of which speak for itself and are the best evidence of its terms, and any allegations inconsistent therewith are denied. Defendants admit that Acadia issued the insurance policy with number CPA 4758753 – 19 (the "Policy"), to Plaintiff subject to all Policy terms, conditions, and exclusions therein.

11.      Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 11 of Plaintiff's Petition and on that basis

deny them. With the exception that Defendants admit that on or around January 2025 a malfunction with a furnace motor generator was reported and in May 2025 following attempted repairs an arcing event was reported. The remaining allegations of Paragraph 11 are denied.

12.    Defendants admit the factual allegations contained within Paragraph 12 of Plaintiff's Petition.

13.    Defendants deny the factual allegations contained within Paragraph 13 of Plaintiff's Petition.

14.    Defendants deny the factual allegations contained within Paragraph 14 of Plaintiff's Petition.

### First Cause of Action – Breach of Contract (Acadia)

15.    Paragraph 15 of Plaintiff's Petition requires no response, to the extent a response is required Acadia denies the allegations contained within Paragraph 15 of Plaintiff's Petition.

16.    Paragraph 16 of Plaintiff's Petition references terms of a written document, the Policy, the contents of which speak for itself and are the best evidence of its terms, and any allegations inconsistent therewith are denied. Acadia specifically denies that the generator and/ or furnace that are issue in this litigation are covered equipment under the terms of the Policy.

17.    Acadia admits the factual allegations contained within Paragraph 17 of Plaintiff's Petition that the Policy was in force at the time of the alleged loss. All remaining allegations are denied.

18.    Acadia denies the allegations contained within Paragraph 18 of the Petition because the request for replacement of the furnace is not covered under the terms of the Policy.

19.    The allegations in Paragraph 19 of Plaintiff's Petition contain legal conclusions and require no response from Acadia. To the extent that a response is required the allegations are denied.

20.    The allegations in Paragraph 20 of Plaintiff's Petition contain legal conclusions and require no response from Acadia. Acadia expressly denies, however, that Plaintiff is entitled to any monetary relief referenced and/or described in Paragraph 20 of Plaintiff's Petition.

## Second Cause of Action – Bad Faith (Acadia)

21.    Paragraph 21 of Plaintiff's Petition requires no response, to the extent a response is required Acadia denies the allegations contained within Paragraph 21 of Plaintiff's Petition.

22.    The allegations in Paragraph 22 of Plaintiff's Petition contain legal conclusions and require no response from Acadia. To the extent a response is required Acadia denies the allegations within Paragraph 22.

23.    The allegations in Paragraph 23 of Plaintiff's Petition contain legal conclusions and require no response from Acadia. To the extent a response is required Acadia denies the allegations within Paragraph 23.

24.    The allegations in Paragraph 24 of Plaintiff's Petition contain legal conclusions and require no response from Acadia. Acadia expressly denies, however, that Plaintiff is entitled to any monetary relief referenced and/or described in Paragraph 24 of Plaintiff's Petition.

25.    The allegations in Paragraph 25 of Plaintiff's Petition contain legal conclusions and require no response from Acadia. To the extent a response is required Acadia denies the allegations within Paragraph 25 of Plaintiff's Petition. Acadia expressly denies, however, that Plaintiff is entitled to any monetary relief referenced and/or described in Paragraph 25 of Plaintiff's Petition.

## Third Cause of Action – Breach of Contract (FM Boiler)

26.    Paragraph 26 of Plaintiff's Petition requires no response, to the extent a response is required FM denies the allegations contained within Paragraph 26 of Plaintiff's Petition.

27.     Paragraph 27 of Plaintiff's Petition references terms of a written document, the Policy, the contents of which speak for itself and are the best evidence of its terms, and any allegations inconsistent therewith are denied. FM specifically denies that the generator and/ or furnace that are in issue in this litigation are covered equipment under the terms of the Policy.

28.     FM admits the factual allegations contained within Paragraph 28 of Plaintiff's Petition that the Policy was in force at the time of the alleged loss. All remaining allegations are denied.

29.     FM denies the allegations contained within Paragraph 29 of the Petition because the request for replacement of a furnace is not covered under the terms of the Policy.

30.     The allegations in Paragraph 30 of Plaintiff's Petition contain legal conclusions and require no response from Acadia. To the extent a response is required the allegations are denied.

31.     The allegations in Paragraph 31 of Plaintiff's Petition contain legal conclusions and require no response from Acadia. FM expressly denies, however, that Plaintiff is entitled to any monetary relief referenced and/or described in Paragraph 31 of Plaintiff's Petition.

### Fourth Cause of Action – Breach of Contract (FM Boiler)

32.     Paragraph 32 of Plaintiff's Petition requires no response, to the extent a response is required FM denies the allegations contained within Paragraph 32 of Plaintiff's Petition.

33.     The allegations in Paragraph 33 of Plaintiff's Petition contain legal conclusions and require no response from FM. To the extent a response is required FM denies the allegations within Paragraph 33.

34.     The allegations in Paragraph 34 of Plaintiff's Petition contain legal conclusions and require no response from FM. To the extent a response is required FM denies the allegations within Paragraph 34.

35.     The allegations in Paragraph 35 of Plaintiff's Petition contain legal conclusions and require no response from FM. FM expressly denies, however, that Plaintiff is entitled to any monetary relief referenced and/or described in Paragraph 35 of Plaintiff's Petition.

36.     The allegations in Paragraph 36 of Plaintiff's Petition are denied. FM expressly denies that Plaintiff is entitled to any monetary relief referenced and/or described in Paragraph 36 of Plaintiff's Petition.

**PRAYER FOR RELIEF**

No response is required to Plaintiff's Prayer for Relief. However, to the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested from them by Plaintiff in its Prayer for Relief, or any relief whatsoever, and requests that Plaintiff's claims be denied.

## II. <u>AFFIRMATIVE AND OTHER DEFENSES</u>

The following defenses are based on information presently known. By alleging the defenses below, Defendants do not admit that they bear the burden of proof or persuasion as to any issue or element. Defendants assert the following defenses not in diminution or derogation of the admissions or denials set forth hereinabove, and subject to amendment at the conclusion of all pretrial discovery.

***First Defense***

Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Petition fails to state a claim against Defendants upon which relief can be granted.

### *Second Defense*

Plaintiff's claims are subject to and are limited by all of the terms, conditions, limitations, endorsements, exclusions, and deductibles contained in the Policy. The Policy speaks for itself and is the best evidence of any coverage it provides.

### *Third Defense*

Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage reportedly suffered by Plaintiff has not been properly supported as required by the Policy.

### *Fourth Defense*

Coverage for Plaintiff's claims is limited by the applicable limits and any sub-limits contained in the Policy.

### *Fifth Defense*

Plaintiff's claims are barred, in whole or in part, by the Policy's Legal Action Against Us Provision, which states that no one may bring a legal action against Defendants under this Coverage Part unless: (1) There has been full compliance with all of the terms of this Coverage Part; and (2) The action is brought within 2 years after the date of which the loss or damage occurred.

### *Sixth Defense*

Plaintiff's claims are barred, in whole or in part, to the extent any damage was not caused by or resulting from a covered cause of loss occurring during the effective dates of the Policy period.

### *Seventh Defense*

~~Plaintiff's claims are barred, in whole or in part, by the Policy's definition of "Equipment~~ Breakdown" which specifically excludes "furnaces".

### *Eighth Defense*

Plaintiff's claim is barred, in whole or in part, to the extent that payment of any valid sums due under the Policy has been made less the applicable deductible, and the terms of the contract have been performed.

### *Ninth Defense*

The amount claimed by Plaintiff is not consistent with the valuation provisions in the Policy, including the Policy's requirements that Defendants: "will not pay more for loss or damage on a replacement cost basis than the least of… [t]he amount actually spent that is necessary to repair or replace the lost or damaged property."

### *Tenth Defense*

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet or comply with all conditions precedent under the Policy.

### *Eleventh Defense*

Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for wear and tear, rust or other corrosion, decay, deterioration, hidden or latent defects or any quality in property that causes it to damage or destroy itself.

### *Twelfth Defense*

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not take all reasonable steps to protect the furnace from further damage and/ or to mitigate its alleged loss.

## III. <u>RESERVATION OF RIGHTS</u>

Defendants reserve the right to assert additional defenses with respect to any alleged loss or damage as additional information becomes available or apparent as this litigation proceeds.

## IV.  PRAYER

Defendants pray that (i) Plaintiff's claims for relief be denied in their entirety, (ii) Plaintiff take nothing by their claims, (iii) the case be dismissed with prejudice, and (iv) Defendants be awarded their costs, attorney's fees, and such other and further relief to which the Court may find it is justly entitled.

Respectfully submitted,

Lindsey P. Bruning, OBA No. 33335
Texas Bar No. 24064967
lbruning@zellelaw.com

Todd T. Tippett (Pro Hac Vice incoming)
Texas Bar No. 24046977
Ttippett@zellelaw.com

Thomas Papa (Pro Hac Vice incoming)
Texas Bar No. 24148617
tpapa@zelleaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November 2025, a true and correct copy of the foregoing document was served on:

Damon E. Sacra, OBA #21345
dsacra@sacralaw.com
**SACRA LAW, PLLC**
9246 S. Sheridan Rd., Suite P
Tulsa, OK 74133
Telephone:    918-732-9221
Facsimile:    918-856-3761

**ATTORNEYS FOR PLAINTIFF**

Lindsey P. Bruning